```
            IN THE UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF MARYLAND
                        NORTHERN DIVISION
```

```
- - - - - - - - - - - - - - - - - x
                                  :
IN RE:                            :
                                  :   Case No. 12-30614
JEFFREY V. HOWES,                 :   (Chapter 13)
                                  :
         Debtor.                  :
                                  :
- - - - - - - - - - - - - - - - - x
                                  :
JEFFREY V. HOWES, et al.,         :   Adversary No. 13-00510
                                  :
         Plaintiffs,              :
                                  :
     v.                           :
                                  :
WELLS FARGO BANK, N.A., et al.,   :
                                  :
         Defendants.              :   July 16, 2014
                                  :
- - - - - - - - - - - - - - - - - x   Baltimore, Maryland
```

**(27) Motion to Reconsider Oral Ruling on Motions to Dismiss and Objection to Ownership Affidavit Filed by Jeffrey V. Howes, Tonya H. Howes (related documents (8) Motion to Dismiss Adversary Proceeding filed by Defendant Wells Fargo Bank, N.A., Defendant US Bank, National Association, (16) Motion to Dismiss Adversary Proceeding Filed by Defendant Carrington Mortgage Services, LLC, (21) Motion to Dismiss Adversary Proceeding Filed by Defendant Wells Fargo Bank, N.A., Defendant US Bank, National Association).**

**(30) Response on Behalf of Carrington Mortgage Services, LLC, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB Filed by Michael T. Cantrell**

**(31) Memorandum of Law by Wells Fargo Bank, N.A. and U.S. Bank, National Association in Opposition to Plaintiffs' Motion to Reconsider Oral Ruling on Motions to Dismiss Filed by Douglas B. Riley (related document (27) Motion to Reconsider Filed by Plaintiff Jeffrey V. Howes, Plaintiff Tonya H. Howes).**

Proceeding recorded by electronic sound recording, transcript produced by transcription service.

**(34) Motion to Reconsider Filed by Jeffrey V. Howes, Tonya H. Howes (related documents (28) Order on Motion to Dismiss Adversary Proceeding, Order on Motion to Dismiss Adversary Proceeding.)**

BEFORE THE HONORABLE ROBERT A. GORDON

APPEARANCES:            ROBERT HAEGER, Esq.
                        Haeger Law
                        11403 Seneca Forest Circle
                        Germantown, Maryland  20876
                          On Behalf of the Debtor/Plaintiffs
                          Jeffrey Howes, Tonya Howes

                        DOUGLAS B. RILEY, Esq.
                        Treanor Pope & Hughes, P.A.
                        500 York Road
                        Towson, Maryland  21204
                          On Behalf of Wells Fargo Bank, N.A.
                          and US Bank, National Association

                        KYLE JAMES MOULDING, Esq.
                        McCabe, Weisberg and Conway, LLC
                        312 Marshall Avenue
                        Suite 800
                        Laurel, Maryland  20707
                          On Behalf of Christina Trust, a
                          Division of Wilmington Savings
                          Fund Society, FSB and Carrington
                          Mortgage Service, LLC

                        Martin Caskey, Esq.
                        300 E. Joppa Road, Suite 409
                        Towson, Maryland  21286
                          On Behalf of the Chapter 13 Trustee
                          Ellen W. Cosby

Audio Operator:         Booker Livingston

Transcription Company:  CompuScribe
                        5100 Forbes Boulevard
                        Suite 101
                        Lanham, Maryland  20706
                        301/577-5882

I N D E X

                                                                        Page

Preliminary Matters                                                        4

Argument:

By Robert Haeger, Esq.
  on Behalf of Plaintiffs                                                  5

Ruling - Judge Robert A. Gordon                                           10

KEYNOTE:   "---" indicates inaudible in the transcript.

1                         P R O C E E D I N G S

2             THE CLERK:  Silence please, all rise.  The United

3  States Bankruptcy Court for the District of Maryland now

4  resumes its regular session.  The Honorable Robert A. Gordon

5  presiding.  Please be seated.

6             We have the case of Jeffrey Howes, Case No.

7  12-30614, Adversary 13-00510.

8             Counsel, will you please identify yourself and your

9  client for the record.

10            MR. HAEGER:  Good afternoon, Your Honor, Robert

11 Haeger on behalf of the Plaintiffs.

12            THE COURT:  Hi, how are you?

13            MR. HAEGER:  Fine, thank you, and yourself?

14            THE COURT:  Good, I am good.

15            MR. MOULDING:  Good afternoon, Your Honor,

16 Kyle Moulding on behalf of Carrington Mortgage Services and

17 Christiana Trust.

18            THE COURT:  Hi, how are you?

19            MR. MOULDING:  Good.

20            THE COURT:  Good.

21            MR. RILEY:  Afternoon, Your Honor, Douglas Riley on

22 behalf of Wells Fargo and US Bank.

23            THE COURT:  Hi, Mr. Riley, how are you doing?

24            MR. RILEY:  Good.

25            MR. CASKEY:  Martin Caskey, Your Honor, on behalf of

1    Trustee Ellen w. Cosby.

2             THE COURT:  Hi, Mr. Caskey, how are you?

3             MR. CASKEY:  Pretty good.

4             THE COURT:  Okay, go ahead Mr. Haeger.

5             MR. HAEGER:  Thank you, Your Honor.  Plaintiffs
6    filed a motion to reconsider dismissal of their complaint.
7    They have also objected to the proof of ownership provided to
8    Plaintiffs.  I will address reconsideration first.

9             Plaintiffs request reconsideration of dismissal of
10   their complaint due to clear error.  The motion was timely
11   under Bankruptcy Rule 9023, since it was filed within 14 days
12   after entry of judgment.

13            Plaintiffs filed two motions to reconsider on May 5
14   and May 27 while judgment was not entered until May 12.  Wells
15   Fargo and US Bank, which I will refer to this afternoon
16   collectively as Wells Fargo, argues that page 6 of their memo
17   that a docket entry constitutes entry of judgment --

18            THE COURT:  You can cut to the chase.

19            MR. HAEGER:  Okay.  Plaintiffs have asked for
20   reconsideration based on the Court's holding that the Trust
21   did not terminate as alleged in the complaint.

22            THE COURT:  Right.  So, if we have a trial, what are
23   you going to prove in support of fraud?

24            MR. HAEGER:  That the allegations in the complaint.

25            THE COURT:  What are you going to prove in support

1  of fraud?

2              MR. HAEGER:  That I will get the complaint and go

3  through it.

4              THE COURT:  No, I want you to tell me.  What are you

5  going to prove in support of fraud?  You are going to put

6  witnesses on the witness stand and they are going to have

7  documents as exhibits, et cetera, and what are you going to

8  prove?  What are the elements of fraud that you are going to

9  prove to win under Count 1?

10             MR. HAEGER:  I would prove that the trust

11  terminated.  That US Bank as trustee no longer owned the note.

12  That US Bank and Wells Fargo were aware of that fact.  That

13  they sought to hide it.  And --

14             THE COURT:  To what purpose?

15             MR. HAEGER:  In order to get paid for their

16  foreclosure fees and costs.  I would submit that would be the

17  primary reason.

18             THE COURT:  And that is the fraud?

19             MR. HAEGER:  And they were structured as a fraud on

20  the Court so --

21             THE COURT:  So, how has the integrity of the system

22  been damaged?

23             MR. HAEGER:  Well, if this is just a one often

24  event, then it was just be an intra-party dispute, but the --

25             THE COURT:  So, how has your client been damaged?

1  MR. HAEGER: By having to demonstrate to the Court
2 that this claimant is not entitled to foreclosure fees and
3 costs. And that it doesn't have standing.
4  THE COURT: And that is your claim? That is your
5 fraud claim?
6  MR. HAEGER: Basically, that is it. Of course, it
7 is set out in more detail in the complaint itself.
8  THE COURT: No, it isn't. You just provided more
9 detail. But it is still not a fraud claim.
10  MR. HAEGER: Well, I would submit that fraud on the
11 Court is different than just a garden variety of fraud claim.
12  THE COURT: So, is it fraud on the Court or is it
13 fraud on your client?
14  MR. HAEGER: Well, it is really both.
15  THE COURT: It is a little of both?
16  MR. HAEGER: It sounds primarily as fraud on the
17 Court. And that is why it was pled --
18  THE COURT: And the obligations still enforceable,
19 right?
20  MR. HAEGER: Yes, my client --
21  THE COURT: No one has ever disputed that. So,
22 there is an enforceable obligation and a proof of claim was
23 filed. And now all the creditors, all the Defendants, all the
24 related entities, they say Christiana and Carrington, those
25 are the two entities that have the right to enforce. So what

1 is the fraud?

2 MR. HAEGER: They have not demonstrated that they
3 have the right to enforce.

4 THE COURT: What is the fraud? There is an
5 enforceable obligation. The trust terminated, they have no
6 effect on your clients' obligation to honor the obligation.

7 MR. HAEGER: It would have an effect on who had the
8 right to enforce it.

9 THE COURT: And they all say Christiana and
10 Carrington have the right to enforce it, so what is the fraud?

11 MR. HAEGER: Well, the Plaintiffs dispute that.

12 THE COURT: That is fine. But what is the fraud?

13 MR. HAEGER: The fraud would be --

14 THE COURT: Because the trust terminated, how does
15 that result in fraud because it doesn't impact on your clients
16 obligation and duty to honor the note and the mortgage and
17 make the payments? There may be a separate question because
18 of the chaos and the confusion that went into the transfers of
19 the note and the mortgage, but that has nothing to do with
20 fraud that there is some deception going on because there is
21 still an enforceable obligation that demands to be enforced.

22 MR. HAEGER: Well, if you file foreclosure and they
23 don't have the right to file foreclosure and then you seek to
24 recover fees for doing that, and try to hide all of that, that
25 is fraud.

1 THE COURT: You object to the claim and you say they
2 shouldn't have filed the foreclosure and these fees shouldn't
3 be allowed, Judge, period.
4 MR. HAEGER: Well, that is basically what the --
5 that is the heart of the complaint.
6 THE COURT: Accusing them of fraud? That is a
7 serious matter. They made a mistake because of all this chaos
8 and confusion. We have these ridiculous securitization trusts
9 and they thought they had the right to file a proof of claim
10 so they filed it but it turns out they don't. It is fraud,
11 they are evil. They were trying to deceive you, Court, Your
12 Honor.
13 MR. HAEGER: They still haven't established the
14 right to enforce it.
15 THE COURT: They all say that Carrington and
16 Christiana are the proper creditor.
17 MR. HAEGER: But Anderson requires that they show a
18 chain of title. And they haven't done that. The law is
19 clear. Why haven't they?
20 THE COURT: That is a different issue. It has
21 nothing to do with fraud. Nobody is denying that the
22 obligation exists and that your client is responsible for it
23 and has to pay it. It is a different issue.
24 MR. HAEGER: Yes, the issue is who has the right to
25 enforce it there.

1          THE COURT:  And they all so that they do.  Is
2  anybody else putting a demand on them?  Is anyone saying --
3  sending them a bill and saying pay me these mortgage payments?
4          MR. HAEGER:  No.
5          THE COURT:  Is that happening?
6          MR. HAEGER:  No, but Anderson does not require that
7  the --
8          THE COURT:  In Anderson, the substitute trustees
9  won.
10         MR. HAEGER:  That is correct, Your Honor.
11         THE COURT:  In a similar situation, not identical,
12 but similar.  I am going to deny the motion for
13 reconsideration.  And I am going to tell you why.  Count 1,
14 fraud.  Yes, I did focus on the aspect of whether the trust
15 loan was put on "paid off" and/or terminated in the oral
16 ruling.  And that over-focused was probably wrong.  It wasn't
17 intended to be.
18         The focus should have been on whether a claim for
19 relief was stated and in that I was absolutely right because
20 no fraud claim was stated to the extent that the Plaintiffs --
21 you can sit down.  To the extent that the Plaintiffs are
22 claiming a fraud committed against them, the Howes do not
23 allege fraud with the required specificity.
24         Fraud in the form of concealment has five elements.
25 One, that the Defendant owed a duty to the Plaintiff to

1   disclose a material fact.  Two, the Defendant failed to

2   disclose that fact.  Three, the Defendant intended to defraud

3   or deceive the Plaintiff.  Four, the Plaintiff took action and

4   justifiable reliance on the concealment.  And, five, the

5   Plaintiff suffered damages as a result of the Defendant's

6   concealment.  Cite, Green v. H&R Block, Inc., 355 Md. 488, at

7   page 525, that is a 1999 case.  Citing, Finch v. Hughes

8   Aircraft Company, 57 Md. App. 190, that is a 1984 case.  None

9   of that is alleged here.

10          What we have is the mere speculative allegation that

11  the proof of claim was filed in this Court to somehow cover up

12  the termination of the trust and the claimant's ineligibility

13  to foreclose without any of the other factual elements needed

14  to support a legitimate claim of fraud to the extent they are

15  alleging a "fraud on the Court," trust termination does not

16  impact or alter their obligation to pay the debt.

17          So what is the benefit gain by the filing of the

18  proof of claim?  The sloppiness does sow confusion.  There is

19  no doubt about that, and perhaps even worse, than that.  But,

20  so what as far as the Howes' obligation to pay goes?

21          Moreover, there are no particular allegations as to

22  actionable fraud in this respect either.  That the filing of

23  the proof of claim was filed with the fraudulent intent and

24  that the Court relied upon it and that the integrity of the

25  judicial system was damaged as a result of the creditor's

1  actions.  There are no allegations that say that either.

2  Practical reality in this case is that all the
3  involved creditor-related parties are before the Court and
4  they all agree that the creditors at the end of the chain,
5  Christiana and Carrington, are entitled to enforce the
6  obligations.

7  If I were to find fraud every time a proof of claim
8  was mistakenly filed, then it would be a never ending process.
9  But here trust termination might somehow effect the identity
10 of the proper claimant but it doesn't wipe out the obligation
11 of the Plaintiffs.  And it doesn't give the Plaintiffs a cause
12 of action for fraud.

13 Count 1 is fatally defected because it does not ---
14 a legitimate claim of fraud and the order dismissing it with
15 prejudice will not be reversed.

16 Now, let's talk about the objection to the ownership
17 affidavit.  We are not going to deal with this piecemeal.  In
18 other words, the Plaintiffs need to file all of their
19 legitimate good faith, non-violative of Rule 9011 claims in an
20 amended complaint or an objection to claim, or fold the
21 objection into the amended complaint within seven days of
22 today or the complaint will be dismissed with prejudice.

23 If an amended complaint/objection of claim is filed,
24 we will see what happens.  In other words, the objection to
25 the ownership affidavit has to come down to the assertion that

1   either Carrington or Christiana cannot enforce the claim

2   consisting of the note and the deed of trust or that somehow

3   the claim is incorrect as to the amount sought.  Like perhaps,

4   there are foreclosure fees included in it that shouldn't be

5   allowed.

6           Substantively, that is about all that really matters

7   at this point.  But when you go into default on your mortgage,

8   and it takes you about six, seven, eight years to come to

9   grips with it, then charges have a way of piling up.  But that

10  should be sorted out.

11          The debtor shouldn't have to pay anything that the

12  creditor is not entitled to receive.  And if that is a basis

13  for the objection of legitimate basis for the objection, then

14  so be it.

15          But I will tell you this, the reality before me

16  convinces that this assertion is likewise probably a sham.

17  And I mean the assertion as to who the legitimate creditor and

18  the right to enforce the claim belongs to at this point.

19          None of the prior holders are asserting an

20  entitlement to enforce either the note or the mortgage.  There

21  is no meaningful dispute raised about the present holder's

22  entitlement to enforce the mortgage and the debtor is not put

23  in the wrongful position of having to decide between competing

24  claimants.

25          In other words, there is no other lien holder, no

1  other would be mortgage company, Bank of America, Chase
2  Morgan, et cetera, et cetera, all the different alphabet soups
3  of entity names who are sending the debtor a bill and saying
4  pay me.  So, we get engaged in this circular argument again,
5  again and again.  And it is going to come to a stop.
6         It would have been a simple matter to include in a
7  confirmed plan that Carrington and Christiana have the
8  respective rights in the documents and that they can enforce
9  them and that the other prior holders cannot.
10         And if it turned out that somehow the documents
11  ended up in other hands and the debtor had to deal with that
12  tangent, then, perhaps, the debtor would have a claim against
13  any entity that wrongfully accepted payment because we have to
14  acknowledge that it appears from what has been filed the note
15  has been lost.
16         But barring that, this is not what I viewed to be a
17  legitimate complaint.  I suppose it may seem appealing to make
18  hay out of the financial prices and the resulting confusion
19  especially when the note is now lost.  Others have tried it
20  too and the reporters are full of those cases.
21         Whether that would prevent a foreclosure in
22  Maryland, I am not certain.  But as to the entitlement to
23  enforce the "right to payment" here in the Bankruptcy Court, I
24  don't see how the present claimant's right to do so can
25  reasonably be questioned.

1            And to the extent the lost notes makes difference,
2   why reasonable precautions couldn't be included in a plan that
3   protect the debtor and his wife from untoward consequences
4   that might arise after the bankruptcy case.
5            But that is getting a little ahead of myself.  The
6   debtor needs to file an objection and/or an amended complaint
7   or both to bring all of this to issue because the bottom line
8   question is whether Christiana and Carrington have the right
9   to enforce the claim at this point now that we have gotten
10  more information and now that it has been narrowed down to
11  that specific issue.
12           If the debtor believes that there are other issues
13  that need to be addressed, the other truth in lending counts,
14  the other disclosure counts, et cetera, and that these are
15  legitimate claims then the debtor, of course, has the right to
16  re-raise those in the amended complaint.  And we can go
17  forward from there.
18           But in my mind as I have said many times before, at
19  this point, the debtor should be, (a), ensuring that all the
20  charges are correct because that is a legitimate point of
21  inquiry, (b), working out a realistic and acceptable payment
22  plan for the remaining arrears that have piled up due to the
23  debtor's default and (c), working on plan confirmation to get
24  back on a going forward basis.
25           I have said it before it hasn't been heard.  I am

1  saying it again, and we will see what the amended complaint

2  and/or the objection look like.

3          If they are not filed in seven days, then this

4  complaint is going to be dismissed with prejudice.  So, the

5  ruling is the motion to reconsider will be denied.  And the

6  debtor/Plaintiffs, the husband is the only debtor, just to

7  make the record clear on that, but the wife is also a

8  Plaintiff, are given seven days to file in good faith and

9  incompliance with Rule 9011 and admit complaint and/or

10 objection to claim that can be combined with the amended

11 complaint and then we will take it from there.  Any questions?

12         MR. HAEGER:  Yes, Your Honor, may I have more than

13 seven days, the Plaintiffs have more than seven days?

14         THE COURT:  No.  You already have had 90 days to do

15 it approximately and you didn't do it.  So, now, you have

16 seven days.

17         MR. HAEGER:  I would like to have the benefit of a

18 transcript of the Court's ruling before appearing --

19         THE COURT:  The rule is crystal clear.  You have

20 seven days.  It was crystal clear before.

21         MR. HAEGER:  Thank you.

22         THE COURT:  File whatever you are going to file and

23 we will go from there.  And if it is not filed, the complaint

24 is going to be dismissed with prejudiced.  Any questions from

25 over here?

 1              MR. MOULDING:  No, Your Honor.
 2              MR. RILEY:  No, Your Honor.
 3              THE COURT:  All right.  Thank you.
 4              THE CLERK:  All rise, please.  This Honorable Court
 5  now stands adjourned.
 6              (Whereupon, the hearing was concluded.)

cch                                                                18

<u>C E R T I F I C A T E</u>

     I certify that the foregoing is a correct transcript from the duplicated electronic sound recording of the proceedings in the above-entitled matter.


*Cora Holliday*     09-08-2014
_____
Cora C. Holliday, Transcriber   Date